OFFICE OF THE CLERK

# UNITED STATES COURT OF APPEALS
### FOR THE THIRD CIRCUIT

**Marcia M. Waldron**
**Clerk**

21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

**Telephone**
**267-299-4919**

www.ca3.uscourts.gov

March 2, 2007

*05-2266*

Clerk, U.S. Bankruptcy Court for the Western District of Pennsylvania
5414 U.S. Steel Tower
600 Grant Street
Pittsburgh, PA 15219

**RE: Docket No. 06-1838**
**In Re: Banks**
**Originating Court No. 05-cv-00603**

    Enclosed herewith is a copy of the decision filed today in the above-entitled case.  The Court's mandate will issue in due course.

Very truly yours,
MARCIA M. WALDRON
Clerk,

By:  Chiquita Dyer
Case Manager

Enclosure

05-2266

**DLD-120**                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-1837

———————

IN RE: FREDERICK H. BANKS,
Debtor

FREDERICK H. BANKS,

Appellant

v.

COUNTY OF ALLEGHENY



———————

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No.05-cv-602)
District Judge:  Honorable Joy Flowers Conti

———————

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
February 8, 2007

BEFORE: BARRY, AMBRO and FISHER, Circuit Judges

(Filed March 2, 2007)

———————

OPINION

———————

PER CURIAM

On November 1, 2001, Frederick H. Banks filed for bankruptcy protection under

Chapter 7 of the Bankruptcy Code.  The appointed trustee in bankruptcy filed a report of

no assets.  In 2005, Banks instituted many adversary actions.  In some of them, he named

as defendants victims and witnesses of crimes for which the United States prosecuted

him.  In those actions and other similar cases, he sued individuals and companies for

purported frauds, conversions, and the like occurring after he had filed for bankruptcy.

Banks also sued the County of Allegheny, alleging violations of state tort law and

his federal constitutional rights relating to the conditions of his confinement in the

Allegheny County Jail.  Banks largely did not specify when the purported violations

occurred, although he did allege that intrusive searches took place in October and

November 2004 and in February 2005.  The County of Allegheny filed a motion to

dismiss Banks' complaint for lack of jurisdiction, or, in the alternative, for failure to state

a claim upon which relief could be granted.

The Bankruptcy Court grouped Banks' suit against the County of Allegheny with

his other adversary actions and dismissed them all in a single order.  The Bankruptcy

Court held that it lacked subject-matter jurisdiction over the adversary actions because

they related only to post-petition acts unrelated to the administration of Banks'

bankruptcy case.  Banks appealed to the District Court.

The District Court affirmed the order dismissing the adversary actions, including

the suit against the County of Allegheny.  The District Court determined that the

Bankruptcy Court lacked jurisdiction because Banks' claims arose post-petition.  The

District Court noted that even if the claims had arisen before Banks filed for bankruptcy

under Chapter 7, only the bankruptcy trustee, not Banks, would have had standing to

2

pursue claims that were property of the estate. Banks appeals.

We will summarily affirm because no substantial question is presented on appeal. See L.A.R. 27.4; I.O.P. 10.6. The District Court had jurisdiction to review the Bankruptcy Court's order pursuant to 28 U.S.C. § 158(a), and we have jurisdiction to review the District Court's order under 28 U.S.C. §§ 158(d) & 1291. We exercise the same standard of review as the District Court, subjecting the Bankruptcy Court's legal determinations to plenary review and reviewing its factual findings for clear error. See In re United Healthcare Sys., 396 F.3d 247, 249 (3d Cir. 2005).

As to the intrusive search claims, the Bankruptcy Court was correct in determining that it lacked subject-matter jurisdiction because Banks' claims arose post-petition. Banks alleged that the searches occurred in 2004 and 2005, long after he had filed for Chapter 7 protection. However, the Bankruptcy Court erred in concluding, on the basis of the complaint, that all of the claims against the County of Allegheny arose after Banks had filed for bankruptcy. Banks did not indicate when any of the other purported violations took place.

Nonetheless, even to the extent that Banks' claims arose before he filed for bankruptcy, the Bankruptcy Court properly dismissed Banks' suit. Banks did not have standing to pursue his claims. See Cain v. Hyatt, 101 B.R. 440, 442 (E.D. Pa.) ("[A]fter the appointment of a trustee, a Chapter 7 debtor no longer has standing to pursue a cause of action which existed at the time the Chapter 7 petition was filed.") The Chapter 7 trustee was the only person with authority to bring such a cause of action. See id.

3

In conclusion, the Bankruptcy Court did not err in dismissing Banks' complaint for lack of jurisdiction.  Accordingly, we will affirm.

**DLD-120**

05-2266

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-1837

———————

IN RE: FREDERICK H. BANKS,
Debtor

FREDERICK H. BANKS,

Appellant

v.

COUNTY OF ALLEGHENY

———————

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No.05-cv-602)
District Judge:  Honorable Joy Flowers Conti

———————

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
February 8, 2007

BEFORE: BARRY, AMBRO and FISHER, <u>Circuit Judges</u>

## <u>JUDGMENT</u>

This cause came on to be heard on the record from the United States District Court

for the Western District of Pennsylvania and was submitted for possible dismissal under

28 U.S.C. §1915(e)(2)(b) or summary action under Third Circuit LAR 27.4 and I.O.P.

10.6.  On consideration whereof, it is now here

ORDERED AND ADJUDGED by this court that the judgment of the district court entered February 28, 2006, as it relates to the above-captioned appeal, be, and the same is hereby affirmed.   All of the above in accordance with the opinion of this Court.

ATTEST:


/s/ Marcia M. Waldron
Clerk

Dated: March 2, 2007

2